Michael L. Lipman (SBN 66605)
Karen Lehmann Alexander (SBN 265926)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
E-mail:  mllipman@duanemorris.com
          klalexander@duanemorris.com

Attorneys for Defendant, Oliver Lindsay

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GANNON GIGUIERE (1), and OLIVER LINDSAY (2),<br><br>Defendants. | Case No. 18-CR-3071 WQH (MDD)<br><br>**OLIVER LINDSAY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY, TO COMPEL REQUIRED NOTICE, AND TO PRESERVE EVIDENCE**<br><br>Judge: Hon. William Q. Hayes<br>Date: August 5, 2019<br>Time: 2:00 p.m.<br>Courtroom: 14B |

1

## I. INTRODUCTION & STATEMENT OF FACTS

The government has charged defendants Oliver Lindsay and Gannon Giguiere with conspiracy and securities fraud. The government has represented to defense counsel that it has produced all or substantially all discovery in this matter. The defense is still reviewing discovery and is not presently aware of any specific discovery disputes that require the Court's intervention, but nonetheless requests that this Court enter an order compelling the government to turn over all evidence to which Lindsay is entitled, including but not limited to Rule 16, *Brady*, Jencks Act, *Henthorne*, and *Giglio* discovery. Lindsay also requests that this Court order the government to provide all notice required by the Federal Rules of Criminal Procedure, including but not limited to Rule 404(b), Rule 609, and expert notice.

## II. THE DEFENSE REQUESTS ALL RULE 16 DISCOVERY

Discovery under Federal Rule of Criminal Procedure 16 extends to all material in the government's possession, custody or control, which means all material that the prosecution has "knowledge of" and "access to" regardless of whether the prosecution currently has possession of that material. *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995) (examining discovery standard under *United States v. Bryan* 868 F.2d 1032 (9th Cir. 1989)). Under the *Bryan* standard, material may be discoverable even if it is in the custody and control of an agency that was not involved with the criminal investigation. *Id*.

(1) **The Defendant's Statements**. The government must disclose the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use that statement at trial. Fed. R. Crim. P. 16(a)(1)(A). The government must also disclose the defendant's written or recorded statements. Fed. R. Crim. P. 16(a)(1)(B). The government has represented to defense counsel that

DM1\9760686.2

2

OLIVER LINDSAY'S MEMORANDUM OF POINT & AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY, COMPEL 404(B) NOTICE AND PRESERVE EVIDENCE - CASE NO. 18-CR-3071 WQH

1  Lindsay made no such statements in connection with this case and/or the government
2  does not seek to introduce any such statements at trial.

3  (2)  **The Defendant's Prior Record.** The government must provide the defendant
4  with a copy of his prior criminal record that the government possesses if the attorney
5  for the government knows, or could know through due diligence, that the record
6  exists. Fed. R. Crim. P. 16(a)(1)(D).  It is undisputed that Lindsay has no prior
7  criminal record.

8  (3)  **Documents and Objects.** The government must permit the defense to inspect,
9  copy, or photograph any books, documents, data, photographs, tangible objects,
10 buildings, places, or any copies or portions of these items if the item is within the
11 government's possession, custody, or control and: 1) the item is material to the
12 preparation of the defense; or 2) the government intends to use the item in its case-in-
13 chief at trial; or 3) the item was obtained from or belongs to the defendant. Fed. R.
14 Crim. P. 16(a)(1)(E). Items obtained from or belonging to the defendant include items
15 seized via search. *See*, *e.g.*, *United States v. Rodriguez*, 799 F.2d 649, 651-652 (11th
16 Cir. 1986).

17 (4)  **Reports of Examinations and Tests.** The government must permit a defendant
18 to inspect, copy, or photograph the results or reports of any physical or mental
19 examination or scientific test. Fed. R. Crim. P. 16(a)(1)(F). The defense requests the
20 reports of all tests and examinations conducted upon any evidence in this case, if any.
21 This request includes any financial or other data that has been examined, or tabulated,
22 or otherwise tested.

23 (5)  **Expert Witness Discovery** The government must provide the defense with a
24 written summary of any testimony that the government intends to use under Rules
25 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. Fed.
26 R. Crim. P. 16(a)(1)(G). This request includes any government agent who will testify
27 to any opinion.
28

(6) **Continuing Duty to Disclose** The government has a continuing duty to disclose additional material and evidence that has been requested and ordered under Rule 16. Fed. R. Crim. P. 16(c).

### III. THE DEFENSE REQUESTS *BRADY* DISCOVERY

The government is required to turn over all documents, statements, reports, tangible evidence, or any other information (in whatever form)[1] which may be favorable to the defendant or impact the credibility of the government's case. *Brady v. Maryland*, 373 U.S. 83 (1963). Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(1) **Exculpatory Evidence on Issue of Guilt**. The defense requests any potential evidence that may be relevant upon the issue of guilt or innocence.

(2) **Impeachment Evidence.** The defense requests any evidence that may impeach a government witness. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady v. Maryland*, supra. *See*, *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(3) **Evidence of Criminal Investigation or SEC Investigation of Any Government Witness or Party to the Investigation.** Lindsay requests any evidence that any prospective witness or party who contributed to the investigation in this case is or was under investigation by *any* federal, state or local authorities for any criminal or regulatory misconduct, including SEC violations. *United States v. Chitty*, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985).

---

[1] The government's *Brady* obligation is not limited to documents, but extends to information in any form, including undocumented oral information. *See*, *e.g.*, *Giglio*, 405 U.S. at 152-55; *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007) ("The obligation to disclose information covered by the *Brady and Giglio* rules exists without regard to whether that information has been recorded in tangible form.").

(4)     **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.** The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired.

(5)     **Government Examination of Law Enforcement Personnel Files.** The defense requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. The defense requests that these files be reviewed by the government attorney pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

(6)     **Witnesses Favorable to the Defendant.** The defense requests the name and address of any witness who made an arguably favorable statement concerning the defendant or who was unsure of his participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

(7)     **Evidence Supporting Reduced Sentence**. Under *Brady* the government is required to turn over discovery which may result in a more favorable sentence. *Unites States v. Severson* 3 F.3d 1005, 1012-1013 (7th Cir. 1993), appeal after remand 49 F.3d 268 (7th Cir. 1995).  The defense request for Brady discovery includes any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G, including any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G or 18 U.S.C. § 3553.

(8) **Continuing Duty to Disclose**. The government also has a continuing duty to disclose *Brady* material. *See United States v. Konefal*, 566 F.Supp 698, 705 (N.D.N.Y. 1983).

## IV. THE DEFENSE REQUESTS DISCOVERY RELATED TO GOVERNMENT INFORMANTS

The indictment reveals that the government has used at least one confidential informant. Additionally, Lindsay's co-defendant, who is scheduled to plead guilty before the trial date, may cooperate and/or testify against Lindsay at trial. Lindsay hereby requests discovery related to these and any other informants or cooperators that the government has used in this case, including but not limited to the following.

1) **Prior Criminal Records.** Any and all records and information revealing prior felony convictions, convictions for a crime involving false statements or dishonesty, or juvenile adjudications, including but not limited to, relevant "rap sheets." *See United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977); *see also United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991); Fed. R. Evid. 609.

2) **Prior Bad Acts.** Any and all records and information revealing prior misconduct or bad acts, including, but not limited to, any attributable acts of misconduct. Fed. R. Evid. 608(b); *Weinstein's Evidence* ¶ 608[5] at 608-25 (1976).

3) **Promises or Consideration.** Any and all consideration or promises of consideration given or expected or hoped for by them. By "consideration," Lindsay refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to them or to persons of concern to them. *See, e.g., Territory of Guam v. Dela Rosa*, 644 F.2d 1257, 1259-60 (9th Cir. 1980) (citing error in failure to give instruction regarding credibility of witness' testimony secured by promise not to prosecute in exchange for cooperation); *see also United States v. Holmes,* 229 F.3d 782, 786 (9th Cir. 2000). Failure to produce such evidence is material in that it would

affect the trial outcome. *See United States v. Bagley*, 473 U.S. 667, 676-77 (1985); *see also United States v. Shaffer*, 789 F.2d 682, 688 (9th Cir. 1986).

4) **Threats or Coercion.** Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the informant, criminal prosecutions, investigations, or potential prosecutions pending, or which could be brought against them; any probationary, parole, deferred prosecution, or custodial status of the witness and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has a real, apparent, or perceived influence. *See Davis v. Alaska*, 415 U.S. 308, 317-18 (1974); *see also United States v. Alvarez-Lopez,* 559 F.2d 1155, 1158-59 (9th Cir. 1977); *United States v. Sutton*, 542 F.2d 1239, 1241-42 (4th Cir. 1976).

5) **Prior Testimony.** The existence and identification of each occasion on which the informant has testified before the court, grand jury, or other tribunal or body in connection with this or other similar cases. *See Johnson v. Brewer*, 521 F.2d 556, 562-63 (8th Cir. 1975).

6) **Impeachment.** Any and all records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or such information. This request includes any evidence tending to show the narcotic habits of the informant or witness at the time of relevant events. *See*, *e.g.*, *United States v. Bernard*, 625 F.2d 854, 858-59 (9th Cir. 1980); *see Dela Rosa*, 644 F.2d at 1260. This request also includes any evidence indicating the informant's or witness' personal dislike or hostility toward the defendant. *See United States v. Weiss*, 930 F.2d 185, 197 (2d Cir. 1991); *see also United States v. Haggett*, 438 F.2d 396 (2d Cir. 1971).

7) **Prior Work As An Informant.** The names and criminal numbers of any and all other criminal cases, state or federal, in which the informant or witness has been involved either as an informant or defendant. Any prior criminal conduct on the part of the informant or witness is relevant in establishing a possible defense of entrapment.

8) **Addresses.** The current and past addresses for the five years preceding defendant's arrest. *See United States v. Hernandez*, 608 F.2d 741, 745 (9th Cir. 1979).

## V.     THE DEFENSE REQUESTS OTHER DISCOVERY

(1)   **Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable Fed. R. Evid. 404(b) and 609.

(2)   **Government Witness Names and Addresses.** The defense requests the name and last known address of each prospective government witness. Under its inherent power, the Court should order the disclosure of witness names and addresses absent danger to the witnesses. *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(3)   **Jencks Act Material.** Although the Jencks Act does not require disclosure of statements of actual and prospective government witnesses until after their direct examination has concluded, the defense has the right to have examined any statement related to the witness' testimony and the right to an in camera hearing regarding statements not related to that testimony. 18 U.S.C. § 3500. The defense requests the government to turn over all statements covered by the Jencks Act prior to trial as well as inform the defense to of any statement that may be unrelated to expected testimony to allow for pretrial in camera hearing to determine whether disclosure is appropriate.

## VI.    THE DEFENSE REQUESTS ALL STATUTORY OR OTHER NOTICE

The defense requests that the Court order the government to provide at this time any and all required notice under the Federal Rules of Criminal Procedure or other

authorities. This includes, but is not limited to, notice of any evidence the government intends to introduce under Rules 404(b) and notice of any proposed expert witnesses.

## VII. THE GOVERNMENT SHOULD PRESERVE EVIDENCE

The government has a duty to preserve evidence related to the prosecution. *See California v. Trombetta*, 467 U.S. 479 (1984). The defense requests that the Court order the government to preserve all evidence in this case. This request includes, but is not limited to, any audio or video recordings of any sort, emails and text messages with witnesses or their counsel, interview notes, notes of attorney proffers, samples used to run any scientific tests, and any seized evidence seized. The defense requests that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, including disputed tapes, and if it does exist, to inform those parties to preserve any such evidence.

## VIII. CONCLUSION

For the foregoing reasons, the Court should grant Lindsay's Motion to compel discovery, to compel the government to provide notice, and to preserve evidence.

Dated: July 8, 2019                              **DUANE MORRIS LLP**

                                                 By:  /s/Karen Lehamann Alexander
                                                      Michael L. Lipman
                                                      Karen Lehmann Alexander
                                                      Attorneys for Defendant Oliver Lindsay

DM1\9760686.2                                    9
OLIVER LINDSAY'S MEMORANDUM OF POINT & AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DISCOVERY, COMPEL 404(B) NOTICE AND PRESERVE EVIDENCE - CASE NO. 18-CR-3071 WQH