Michael L. Lipman (SBN 66605)
Karen Lehmann Alexander (SBN 265926)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
E-mail:  mllipman@duanemorris.com
          klalexander@duanemorris.com

Attorneys for Defendant, Oliver Lindsay

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GANNON GIGUIERE (1), and OLIVER LINDSAY (2),<br><br>Defendants. | Case No. 18-CR-3071 WQH (MDD)<br><br>**OLIVER LINDSAY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER**<br><br>Judge: Hon. William Q. Hayes<br>Date: August 5, 2019<br>Time: 2:00 p.m.<br>Courtroom: 14B |

## I. INTRODUCTION

The Superseding Indictment charges two separate penny stock pump and dump schemes. Defendants Oliver Lindsay and Gannon Giguiere are charged together in Counts One and Two with conspiracy and securities fraud involving the stock of Kelvin Medical, Inc. ("Kelvin Medical" and "the Kelvin counts"). Giguiere is also charged – alone – in Counts Three and Four with conspiracy and securities fraud involving the stock of Eco Science Solutions, Inc. ("ESSI" and "the ESSI counts"). The government agrees that Lindsay was not involved with the alleged ESSI fraud in any way.

The government has improperly joined the ESSI counts with the Kelvin counts. The ESSI fraud and Kelvin fraud do not arise from the same act or transaction, or series of acts or transactions. The government does not allege that they are part of a single, over-arching conspiracy. On the face of the indictment, any overlap in evidence or witness testimony appears to be minimal. The government may not join charges against multiple defendants merely because they are similar in character. *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977). To do so carries "a high risk of being found guilty merely by association" at a joint trial "where one defendant is charged with offenses in which the other defendants did not participate." *Id*. at 1346. Accordingly, this Court should grant Lindsay a separate trial.

## II. STATEMENT OF FACTS

The government filed an indictment against Gannon Giguiere and Oliver Lindsay on June 29, 2018. [Doc. 1] Counts One and Two of the indictment charge both defendants with conspiring to commit and committing securities fraud through a pump and dump scheme of the penny stock Kelvin Medical, Inc. *Id*. Counts Three and Four charge Giguiere alone with conspiring to commit and committing securities fraud through a pump and dump scheme of the penny stock Eco Science Solutions, Inc. *Id*. The government filed a Superseding Indictment on January 25, 2019. [Doc. 79] The case is set for trial on August 20, 2019. [Doc. 83]

III. **ARGUMENT**

    A.    <u>Charges Against Separate Defendants May Only Be Joined If They Arise From the Same Act or Series of Acts.</u>

Federal Rule of Criminal Procedure 8 addresses the joinder of multiple counts. Rule 8 states:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> **(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. Pro. 8.

Rule 8(a) applies only to the joinder of offenses against a single defendant. *Satterfield*, 548 F.2d at 1344. Where more than one defendant is named in an indictment – even where, as here, one defendant is named in a few counts and another defendant is named in all counts – Rule 8(b) controls. *Id*. (citing *United States v. Roselli*, 432 F.2d 879, 898 (9th Cir. 1970) and secondary sources). Under Rule 8(b), "the sole basis for joinder of charges against multiple defendants is that the defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." *Id*. While Rule 8(b) is construed liberally in favor of joinder, its provisions are more stringent than those of Rule 8(a), and "[c]harges against multiple defendants may not be joined merely because they are similar in character." *Id*.

When determining whether two or more offenses are part of the same "series of acts or transactions" constituting an offense, courts look for a "logical relationship" between the offenses – for example, where one criminal activity naturally flows from separate criminal conduct (e.g. the laundering of drug proceeds following drug smuggling), a common scheme or plan, or where all the criminal activities logically

fall under the umbrella of one big conspiracy. *United States v. Sarkisian*, 197 F.3d 966, 976 (9th Cir. 1999) (citations omitted). Courts may also consider whether there is "substantial overlap" in the evidence presented on the joined counts. *See id*. However, "[m]ere factual similarity of events" is insufficient to establish a logical relationship. *Id.* (citing *United States v. Ford*, 632 F.2d 1354, 1371-72 (9th Cir. 1980)). Likewise, charges against multiple defendants may not be joined simply because one defendant is named in multiple counts. *See e.g. id.*; *United States v. Rodriguez*, 18 Fed. App'x 486, 489 (9th Cir. 2001) (unpublished).

### B. Counts May Not Be Joined Simply Because One Defendant Is Accused of Committing the Same Crime More Than Once

Charges against multiple defendants may not be joined simply because one defendant is accused of committing the same criminal conduct more than once. The case of *United States v. Satterfield* is illustrative. In *Satterfield*, the government joined defendants Satterfield and Merriweather in a single indictment alleging a string of five bank robberies. 548 F.2d at 1344. The indictment charged that Satterfield and Merriweather had together perpetrated two of the robberies, while Merriweather alone had committed the remaining three. *Id*. Satterfield timely moved for a separate trial under Rule 8(b) on the grounds of prejudicial misjoinder. *Id*. The trial court refused Satterfield's motion, but on appeal, the Ninth Circuit reversed his conviction finding that "the trial court erred in refusing to grant his motions." *Id*.

In *Satterfield*, the government argued that joinder of the five counts was proper because defendant Merriweather was mentioned in every count and because the modus operandi of each bank robbery was similar. 548 F.2d at 1345. It further argued that joinder was proper because evidence as to all robberies would have been admissible to establish Merriweather's motive, intent, etc., even if he and Satterfield had been tried jointly in a prosecution limited to the two robberies that they committed together. *Id*. at 1346. The Ninth Circuit rejected both these arguments, holding that "[a]t a joint trial, where one defendant is charged with offenses in which the other

defendants did not participate, the detailed evidence introduced to establish guilt of the separate offenses may shift the focus of the trial to the crimes of the single defendant. In such cases, codefendants run a high risk of being found guilty merely by association." *Id*. at 1346.

### C. The Superseding Indictment Improperly Joins the Kelvin Counts With the ESSI Counts

The "established rule" in the Ninth Circuit "is that a valid basis for joinder should be discernible from the face of the indictment." *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007). Here, the allegations in the indictment do not establish that the Kelvin Medical scheme and the ESSI scheme arise from the "same series of acts or transactions." Thus, the government has improperly joined the Kelvin counts against Lindsay with the ESSI counts against Giguiere, and Lindsay should be entitled to a separate trial.

The Superseding Indictment in this case does not establish a "logical relationship" between the Kelvin counts and the ESSI counts. The government agrees that Lindsay had no role in the ESSI fraud. The indictment does not allege that the Kelvin counts and the ESSI counts are part of a common plan or conspiracy. Tellingly, the indictment charges two separate conspiracies – one relating to Kelvin (as against Giguiere and Lindsay) and the other relating to ESSI (as to Giguiere alone). Any overlap in witness testimony or evidence will be minimal and presumably limited to background information about the penny stock market, Giguiere's business operations, and the government's use of its confidential informant.

However, the potential for prejudice to Lindsay is high. If the government is permitted to co-try the ESSI fraud with the Kelvin fraud, half of the evidence presented at trial will have nothing to do with Lindsay. Furthermore, the government's evidence and argument on the ESSI counts will prejudicially spill over to and taint the jury's impression of Lindsay. If the jury hears evidence and argument

that Giguiere committed penny stock securities fraud not once but twice, they are more likely to conclude that Lindsay is also guilty.  As in *Satterfield*, "the detailed evidence introduced to establish guilt of [Giguiere's] separate offenses may shift the focus of the trial to the crimes of the single defendant," creating for Lindsay "a high risk of being found guilty merely by association." *Satterfield*, 548 F.2d at 1346.

The fact that Giguiere is implicated in both the Kelvin counts and the ESSI counts is not a legally sufficient basis to support joinder of the offenses under Rule 8(b).[1]  Unless the government intends to avoid any mention of ESSI at trial (in which case severing Counts Three and Four might cure the misjoinder), this Court should afford Lindsay his own separate trial.

D. <u>Alternately, This Court Should Sever Due to Prejudicial Joinder Under Rule 14(a).</u>

Even if the government had properly charged the Kelvin and ESSI counts in a single indictment – which it did not – this Court has authority to sever parties or counts under Rule 14 of the Federal Rules of Criminal Procedure.  Rule 14(a) provides for the severance of defendants under certain conditions:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  Although a motion for severance is committed to the trial court's discretion, *see, e.g., United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980), the granting of such a severance is warranted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Stinson*,

---

[1] On the same day that the government filed the indictment in this case, it also filed a separate securities fraud indictment against five other defendants.  *See* 18cr3072-BTM [Doc. 1].  The two indictments allege similar pump and dump schemes and rely on information from the same confidential informant.  This suggests that had Giguiere not been implicated in both the Kelvin and ESSI fraud, the government would have charged the offenses in separate indictments.

647 F.3d 1196, 1205 (9th Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Rule 14(a) provides for relief where joinder "appears to prejudice a defendant." One form of such prejudice is when evidence of a co-defendant's guilt spills over and taints the jury's impression of a defendant. *See Zafiro*, 506 U.S. at 539. The Supreme Court has recognized this possibility: "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Id*. Furthermore, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id*. The district court "must be wary of situations where a jury might impute the guilt of some defendants to other defendants." *United States v. DeRosa*, 670 F.2d 889, 898 (9th Cir. 1982).

Here, the interests of justice require separate trials. The government has charged Lindsay with participating in one penny stock fraud, but has charged his co-defendant Giguiere with participating in two. As discussed in the previous sections, there is a high risk that evidence of Giguiere's guilt in the ESSI scheme will spill over and taint the jury's perception of Lindsay's guilt in the Kelvin Medical scheme. After the jury hears evidence and argument that Lindsay's co-defendant engaged in penny stock fraud not once but twice, there is a higher likelihood that they will find that Lindsay did, too. This is precisely the type of prejudice that Rule 14(a) was designed to avoid. *See United States v. DeRosa*, 670 F.2d 889, 898 (9th Cir. 1982) (noting that when considering Rule 14 severance motions, the district court "must be wary of situations where a jury might impute the guilt of some defendants to other defendants").[2]

---

[2] Furthermore, to the extent that Giguiere has made or will make any inculpatory admissions by the time of trial, the government's introduction of those admissions at trial will violate Lindsay's Confrontation Clause rights. It is well settled that the admission of a facially inculpatory extrajudicial statement of a non-testifying codefendant in a joint trial violates the Confrontation Clause. *Bruton v. United States*, 391 U.S. 123, 135-36 (1968). This problem cannot be cured through a limiting instruction, because "the risk that the jury will not … follow instructions is so great,

Jury instructions cannot cure the prejudice in a case like this. *See United States v. Donaway*, 447 F.2d 940, 943 (9th Cir. 1971) ("Despite the trial judge's sincere effort to keep the jury aware of the limitations in the admissibility of evidence, we hold that the failure to sever as to appellant was an abuse of discretion in violation of Rule 14."). The size, complexity and anticipated length of this trial weigh in favor of severance, so that there is no risk that jurors will conflate the evidence of Giguiere's guilt on Counts Three and Four with evidence of Lindsay's guilt on Counts One and Two.

## IV.   CONCLUSION

For the foregoing reasons, the Court should sever the parties for trial or, in the alternative, sever the counts and preclude the government from introducing any evidence of the alleged ESSI stock fraud at trial.

Dated: July 8, 2019                                        **DUANE MORRIS LLP**

                                                           By:  /s/Karen Lehamann Alexander
                                                                Michael L. Lipman
                                                                Karen Lehmann Alexander
                                                                Attorneys for Defendant Oliver Lindsay

---

and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Id*. at 135.